UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CORRY WHITEMAN,

Plaintiff,

v.

SHASTA COUNTY JAIL.,

Defendant.

No. 2:24-cv-0166 AC P

ORDER

Plaintiff, a county prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. He has also requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and appointment of counsel.

I. Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 2, 7. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

The complaint alleges that defendant Shasta County Jail violated plaintiff's rights under the Eighth Amendment. ECF No. 1. Specifically, plaintiff alleges that after being assaulted by another inmate, his requests to be seen by a dentist were denied even though his teeth were so loose he was unable to eat. Id. at 3. He further alleges that he came into the jail with broken wrists, that he requires major surgery on both wrists, and his requests for medical care have been denied. Id. at 4.

IV. Failure to State a Claim

While "municipalities and other local government units . . . [are] among those persons to whom § 1983 applies," Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978), "a municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation,'" City of Canton v. Harris, 489 U.S. 378, 389 (1989) (alteration in original) (quoting Monell, 436 U.S. at 694 and Polk County v. Dodson, 454 U.S. 312, 326 (1981)). There must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Id. at 385. Plaintiff does not allege facts showing that the lack of treatment he received was the result of a policy or custom of the jail, rather than the conduct of specific individuals.

If the lack of treatment plaintiff complains of was the result of specific individuals' actions rather than a custom or policy of the county, those individuals must be named as defendants and plaintiff must allege facts showing what each individual did or did not do that he believes violated his rights.[1] To state a claim for deliberate indifference under the Fourteenth Amendment, plaintiff must allege facts showing

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018).

V.     Leave to Amend

The complaint does not state any cognizable claims for relief and plaintiff will be given an opportunity to file an amended complaint. If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

---

[1] Although plaintiff does not specify whether he was a pretrial detainee or convicted prisoner at the time of his incarceration at the jail, for screening purpose, the undersigned will assume that plaintiff was a pretrial detainee and consider the claims under the less rigorous Fourteenth Amendment standard. See Vazquez v. County of Kern, 949 F.3d 1153, 1163-64 (9th Cir. 2020) ("[T]he Fourteenth Amendment is more protective than the Eighth Amendment 'because the Fourteenth Amendment prohibits *all* punishment of *pretrial detainees*, while the Eighth Amendment only prevents the imposition of *cruel and unusual* punishment of *convicted prisoners*.'" (quoting Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004))).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI. Motion for Appointment of Counsel

Plaintiff has requested appointment of counsel. ECF No. 5. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests appointment of counsel on the grounds that he is indigent and it is difficult to contact counsel because he is in custody. ECF No. 5. These circumstances are common to most prisoners and do not establish the existence of extraordinary circumstances warranting the appointment of counsel. The request will therefore be denied. To the extent

plaintiff appears to seek appointment of counsel for his criminal case, this request must be made in his criminal case.

VII.   Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted. That means you do not have to pay the entire filing fee now. You will pay it over time, out of your trust account.

Your complaint will not be served because the facts you alleged are not enough to state a claim against the jail. A lawsuit against the jail is the same thing as a lawsuit against the County. To proceed against the County, you need to provide facts showing that the failure to provide you with treatment was the result of a jail policy. If you are claiming that the failure to provide treatment was because of the conduct of individuals, on the other hand, you need to identify those individuals as defendants and explain what they did or did not do to violate your rights.

You may amend your complaint to try to fix these problems. Be sure to provide facts that show exactly what each defendant did to violate your rights or to cause a violation of your rights.

If you choose to file a first amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original complaint. **Any claims and information not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's motion for appointment of counsel (ECF No. 5) is DENIED.

4. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

5. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: February 15, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE