UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORRY WHITEMAN,<br><br>            Plaintiff,<br><br>    v.<br><br>SHASTA COUNTY JAIL,<br><br>            Defendant. | No.  2:24-cv-0166 AC P<br><br><br>ORDER |

Plaintiff, a county prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. By order filed February 16, 2024, the undersigned screened the complaint and found that it did not state a claim for relief. ECF No. 8. Plaintiff was given an opportunity to file an amended complaint and has now filed a first amended complaint along with a motion for appointment of counsel. ECF Nos. 10, 11.

I.   Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

1

1  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
2  Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal
3  theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639,
4  640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as
5  stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a
6  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.
7  Franklin, 745 F.2d at 1227-28 (citations omitted).

8  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
9  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
10 what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550
11 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
12 "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context
13 of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman,
14 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure
15 to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a
16 cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the
17 speculative level." Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain
18 something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally
19 cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur
20 R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

21 "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
22 relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
23 Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual
24 content that allows the court to draw the reasonable inference that the defendant is liable for the
25 misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this
26 standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.
27 Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the
28 pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

## II. First Amended Complaint

The first amended complaint alleges that defendants Shasta County Jail and Wellpath Medical violated plaintiff's rights under the Eighth and Fourteenth Amendments.[1] ECF No. 10. Specifically, plaintiff alleges that he was not taken to see a dentist or mental health provider after being assaulted by another inmate, and that it took thirty-six days for him to be seen by a dentist even though his teeth were so loose he was unable to eat for twelve days. Id. at 3. Plaintiff further alleges that the jail faked two x-rays and told plaintiff to stop bothering them after taking out his stitches. Id. at 4. He was then given a wrist brace with no support, making his injury worse. Id.

## III. Failure to State a Claim

While "municipalities and other local government units . . . [are] among those persons to whom § 1983 applies," Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978), "a municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation,'" City of Canton v. Harris, 489 U.S. 378, 389 (1989) (alteration in original) (quoting Monell, 436 U.S. at 694 and Polk County v. Dodson, 454 U.S. 312, 326 (1981)). There must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Id. at 385. However, as in the original complaint, plaintiff does not allege facts showing that the lack of treatment he received was the result of a policy or custom of the jail or Wellpath Medical, rather than the conduct of specific individuals.

To state a claim for deliberate indifference under the Fourteenth Amendment, plaintiff must allege facts showing

---

[1] Although plaintiff does not specify whether he was a pretrial detainee or convicted prisoner at the time of his incarceration at the jail, for screening purpose, the undersigned will assume that plaintiff was a pretrial detainee and consider the claims under the less rigorous Fourteenth Amendment standard. See Vazquez v. County of Kern, 949 F.3d 1153, 1163-64 (9th Cir. 2020) ("[T]he Fourteenth Amendment is more protective than the Eighth Amendment 'because the Fourteenth Amendment prohibits *all* punishment of *pretrial detainees*, while the Eighth Amendment only prevents the imposition of *cruel and unusual* punishment of *convicted prisoners*.'" (quoting Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004))).

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018).  Additionally, plaintiff cannot state a claim against either the jail or Wellpath Medical if he does not allege facts showing that the treatment he complains about is the result of a policy or custom because the jail and Wellpath Medical are not liable for the violations caused by their employees unless those employees were acting under a custom or policy.

If the lack of treatment plaintiff complains of was the result of specific individuals rather than a custom or policy of the jail or Wellpath Medical, then those individuals must be named as defendants and plaintiff must allege facts showing what each individual did or did not do that he believes violated his rights.  If plaintiff does not know the names of the individuals, as he indicates in the complaint, he may identify them as Doe defendants.  While the use of Doe defendants is generally not favored, Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) (citation omitted), amendment is allowed to substitute true names for fictitiously named defendants, see Merritt v. County of Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989).  Plaintiff is advised that should he choose to amend the complaint to include allegations against Doe defendants, he should identify each Doe defendant separately (e.g., Doe 1, Doe 2, etc.) and explain what each of them did to violate his rights.

IV.     Leave to Amend

The complaint does not state any cognizable claims for relief and plaintiff will be given one final opportunity to file an amended complaint.  If plaintiff chooses to file a second amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42

U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a second amended complaint, the original and any prior complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V.     Motion for Appointment of Counsel

Plaintiff has filed another motion for appointment of counsel. ECF No. 11. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests appointment of counsel on the grounds that he is indigent and suffers from various mental health conditions. ECF No. 11. These circumstances are common among unrepresented prisoner plaintiffs and do not establish the existence of extraordinary circumstances warranting the appointment of counsel. Moreover, the mere claim that plaintiff suffers from mental health conditions is not enough to establish exceptional circumstances warranting appointment of counsel. If plaintiff chooses to file another motion for appointment of counsel, he should explain how his conditions prevent him from proceeding without assistance and provide medical documentation supporting his claimed impairments. The motion for appointment of counsel will therefore be denied.

VI.     Plain Language Summary of this Order for a Pro Se Litigant

Your complaint will not be served because the facts you alleged are not enough to state a claim. To state a claim against the jail or Wellpath Medical, you need to provide facts showing the failure to provide you with treatment was the result of a policy of the jail or Wellpath Medical. Alternatively, you must allege facts showing that the failure to provide you with treatment was a result of the conduct of specific individuals. If you are claiming that the failure to provide treatment was because of the conduct of individuals, you need to identify those individuals as defendants and explain what they did or did not do to violate your rights.

You may amend your complaint to try to fix these problems. Be sure to provide facts that show exactly what each defendant did to violate your rights or to cause a violation of your rights. If you choose to file a second amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original or first amended complaint. **Any claims and information not in the second amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel (ECF No. 11) is DENIED.

2. The first amended complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

3. Within thirty days from the date of service of this order, plaintiff may file an amended

complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

    4. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: April 4, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE